### CULLEN EDWARDS, Executor, v. H. C. GLASSON et al.

*In the absence of a special warranty against a particular redhibitory vice, the knowledge of its existence on the part of the vendor at the time of the sale, although nothing was said on the subject, will protect the vendor from liability.*

APPEAL from the District Court of Union, *Richardson,* J.

MERRICK, C. J. The defendants are sued upon a prommissory note. They defend the action on the ground that the note was given as the price of a slave which was subject to the redhibitory vice of running away. The case was tried by a jury, who found a verdict for the plaintiff, and the defendants appealed.

On looking into the evidence, we do not find that the vice of running away was *declared* to the defendant at the sale, but there is abundant evidence from which the jury might infer, that he knew the vice existed at the time, although nothing was said on the subject. We think in the absence of a special warranty against the vice, that it is sufficient to show that the vendee knew that the vice existed, and that he was in fact in possession of all the information on the subject, which the vendor himself could communicate.

We cannot, therefore, say that the jury erred.

This is not a case for damages as for a frivolous appeal.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.